# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GRACIELA ARELLANO HERRERA,

     Petitioner,

v.

MERRICK GARLAND, et al.,[1]

     Respondents.

Case No.: 2:21-cv-00927-APG-EJY

**Order**

Graciela Arellano Herrera filed a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release from custody or a new bond hearing pending the adjudication of her immigration proceedings. ECF No. 1.  Respondent the Attorney General of the United States moves to dismiss the petition. ECF No. 9.  Herrera has not shown a violation of her due process rights.  I therefore grant the motion to dismiss.

## I.    Background

Arellano is a native and citizen of Mexico and became a Lawful Permanent Resident of the United States. *See* ECF No. 13, p. 2.  In March 2016, she was convicted in federal court of importation of methamphetamine and sentenced to 48 months in prison. *See* exhibit A, pp. 3, 11-12.[2]  Arellano "was advised that it was a virtual certainty that she would be removed as a result of the guilty plea." *United States v. Arellano Herrera*, 2020 WL 7129277, at *1 (S.D. Cal. Dec. 4, 2020).  She also had a 2011 California state conviction (via a nolo contendere plea) for

---

[1] Arellano uses the term "*et al.*" in the caption of her petition, but she does not name any respondents other than the Attorney General of the United States.

[2] Exhibits to the respondents' motion to dismiss ("exhibits") are found at ECF No. 10. Arellano's exhibits ("pet. exhs.") are found at ECF No. 13-1.

accessory after the fact to a violent crime with a semi-automatic firearm by a family member. Exh. A, pp. 2, 24-33.

The Department of Homeland Security (DHS) took Arellano into custody on August 6, 2018. ECF No. 1, p. 4; Exh. A, pp. 2, 10.  DHS filed a Notice to Appear on August 17, 2018, which commenced removal proceedings.  In an April 2019 order, the immigration judge (IJ) granted Arellano deferral of removal under the Convention Against Torture (CAT). *See* exh. B. DHS appealed, and in a 2019 written decision the Board of Immigration Appeals (BIA) reversed the IJ's ruling on deferral of removal. Exh. D.  The BIA held that the IJ clearly erred in concluding that Arellano had demonstrated acquiescence by the Mexican government to torture. *Id*. at 4–5.  The BIA also concluded that the IJ clearly erred in evaluating Arellano's ability to relocate within Mexico, noting that Arellano could not specifically identify the cartel she alleged tortured her until she agreed to transport drugs and was unable to demonstrate that the cartel has nationwide reach in Mexico. *Id*. at 6.  Arellano sought review from the Ninth Circuit Court of Appeals.  That court reversed the BIA and remanded the matter for reconsideration, holding that the BIA had not properly applied the clearly erroneous standard to the IJ's conclusions about the Mexican government's acquiescence to torture and Arellano's prospects for relocating within Mexico. *See Arellano Herrera v. Barr*, 840 F. App'x 80, 83 (9th Cir. 2020).

In the meantime, at a June 4, 2019 bond hearing, the IJ found that she lacked jurisdiction to hear the matter because of Arellano's controlled substance conviction. Exh. C.  Arellano waived appeal.  At a January 23, 2020 bond hearing, the IJ found that she lacked jurisdiction to hear the matter because Arellano was subject to an administratively final order of removal. Exh. E.  After the Ninth Circuit's decision in *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020), Arellano received a bond hearing. Exh. F-1.  In a May 8, 2020 order and a June 10, 2020 written

1   memorandum, the IJ considered Arellano's criminal history and other factors, concluded that

2   Arellano was a danger to the community, and denied bond. Exhs. F-1, F-2.  The IJ expressly

3   found that DHS had met its burden of showing that Arellano was a danger to the community.

4   Exhs. F-1, F-2 at 1.  On appeal, the BIA affirmed the IJ's conclusion that DHS had met its

5   burden of demonstrating by clear and convincing evidence that Arellano was a danger to the

6   community. Exh. G, p. 1.

7        **II.       Respondents' Motion to Dismiss**

8        Arellano is in removal proceedings seeking withholding of removal and relief under

9   CAT.  She is in custody under 8 U.S.C. § 1226(a).  That provision allows the Attorney General

10  to arrest and detain an alien pending a decision whether to be removed from the United States.  It

11  also allows the Attorney General to decide whether to release the alien on a bond or conditional

12  parole.

13       In May 2021, Arellano filed this § 2241 petition, asserting two grounds for relief.  In

14  ground 1 Arellano contends she was denied due process because the agency failed to produce the

15  transcript of the bond hearing in violation of *Singh v. Holder*, 638 F.3d 1196, 1208-1209 (9th

16  Cir. 2011) (ECF No. 1, p. 6).  In *Singh*, the Ninth Circuit held that a contemporaneous recording

17  of the bond hearing was required to satisfy due process.  *Singh*, 638 F.3d at 1208-1209.  The

18  court concluded that a transcript or an audio recording of the hearing, made available for appeal

19  upon request, were constitutionally adequate.  The court also held that a petitioner must still

20  demonstrate prejudice, that is, must show that a recording or transcript would reveal error that

21  was not sufficiently apparent from the IJ's written decision. *Id*. at 1209.

22       The respondents point out that Arellano does not allege that she was refused a requested

23  contemporaneous record of the bond hearing.  Arellano alleges that her counsel was

1   disconnected at some point during the telephonic hearing.  But she fails to explain how much of

2   the hearing was missed and whether counsel inquired as to anything that had been missed. *See*

3   ECF No. 1, p. 6.  In dismissing the appeal, the BIA stated that the record reflected that a copy of

4   the IJ's bond memorandum was sent to Arellano's counsel and that a copy of the memorandum

5   was submitted with the appeal. Exh. G.  The BIA thus held that Arellano failed to establish that

6   there was any aspect of the IJ decision of which she was unaware.  Arellano has not

7   demonstrated that she was unable to obtain a transcript or audio recording of the IJ decision or

8   that she suffered prejudice.  She has not demonstrated a due process violation, and accordingly,

9   ground 1 lacks merit.

10         In ground 2 Arellano asserts that she was denied due process when the agency did not

11  properly appropriate the burden of proof at her bond hearing. *Id.*  She argues that the agency

12  relied on her drug trafficking conviction to conclude that she was a danger if released, while

13  failing to recognize that she was tortured prior to bringing the drugs into the country.  She also

14  claims that she was accused of participating in a prior violent offense, but the government had no

15  evidence of actual participation.

16         To the extent that Arellano is claiming that the decisions denying her bond are incorrect,

17  the court lacks jurisdiction to consider that claim.  "The Attorney General's discretionary

18  judgment regarding the application of this section shall not be subject to review.  No court may

19  set aside any action or decision by the Attorney General under this section regarding the

20  detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C.

21  § 1226(e).  Arellano's avenue of relief is through the administrative process.  She urges, though,

22  that her claim is that the "discretionary process itself was constitutionally flawed" with respect to

23

her bond determination. *Singh*, 638 F.3d at 1202 (explaining that although § 1226(e) restricts federal jurisdiction in respects, it does not limit habeas jurisdiction over constitutional claims).

In her responsive brief, Arellano mainly argues that she had a viable duress defense to the underlying drug trafficking charges. But that argument does not relate to the proper burden of proof at her bond hearing. Notably, she did not present a defense of duress in the underlying criminal case, and her guilty plea arguably forecloses asserting duress here.

The IJ found that DHS had met its burden of showing that Arellano was a danger to the community, and the BIA also concluded that DHS had met its burden to demonstrate by clear and convincing evidence that Arellano was a danger to the community. Exhs. F-2, G. To be sure, when addressing the appropriate standard of review, this court's analysis goes beyond whether the agency "announced the correct legal standard." *Fuentes Reyes v. Wolf*, 2020 No. 2:19-cv-02086-GMN-EJY, 2020 WL 2308075 *8 (D. Nev. May 8, 2020) (quoting *Ramos v. Sessions*, 293 F. Supp. 3d 1021, 1030 (N.D. Cal. 2018). But Arellano's disagreement with the way the IJ weighed the factors does not mean that she was denied due process. Specifically, the BIA stated that the IJ reasonably considered Arellano's two serious criminal convictions[3] and weighed those against her completion of rehabilitative classes while in detention and her assertions that a cartel forced her to transport drugs into the U.S. through kidnapping, torture, and threats to her family. Exh. G; *see also* exh. F-2. The IJ considered that Arellano acknowledged that she could have notified authorities that she was being forced to transport drugs. The BIA also noted that the IJ took into account that, with respect to the accessory

---

[3] The IJ considered the 2011 conviction for accessory after the fact, wherein Arellano knew that an assault with a semi-automatic firearm had been committed and which resulted in a sentence of 250 days in jail and 3 years on probation, and the 2016 conviction for importation of methamphetamine which resulted in a sentence of 48 months imprisonment. *See* exh. F-2.

1 conviction, the perpetrator of the crime was a family member. The IJ's memorandum reflects

2 the concern that Arellano was reluctant to take responsibility for her actions. Exh. F-2. Arellano

3 has not demonstrated that the IJ's weighing of the factors amounted to a violation of due process.

4 Ground 2 is without merit.

5       Arellano's petition fails because the allegations relative to a transcript do not show a

6 violation of due process under *Singh v. Holder*, and the BIA expressly found that DHS had met

7 its burden of demonstrating by clear and convincing evidence that Arellano was a danger to the

8 community. Exh. G.

9       **III.**    **Petitioner's Motion for Hearing**

10       Finally, Arellano filed a motion for a hearing (ECF No. 20). But she merely reiterates

11 her requests for relief and presents no basis for a hearing. Accordingly, the motion is denied.

12       As a federal detainee proceeding under 28 U.S.C. § 2241, Arellano is not required to

13 obtain a certificate of appealability from the dismissal of this petition. *See Harrison v. Ollison*,

14 519 F.3d 952, 958 (9th Cir. 2008).

15       **IV.**    **Conclusion**

16       I THEREFORE ORDER that the respondents' motion for extension of time to respond to

17 the petition (ECF No. 7) is **GRANTED** *nunc pro tunc*.

18       I FURTHER ORDER that the petitioner's motion for hearing before a district judge (ECF

19 No. 20) is **DENIED** as set forth in this order.

20       I FURTHER ORDER that the respondents' motion to dismiss (ECF No. 9) is

21 **GRANTED**. This action is **DISMISSED**. The Clerk is directed to enter judgment accordingly

22 and close this case.

23       Dated: March 10, 2022.              _____

                                          U.S. District Judge Andrew P. Gordon